1

2

3

4

5

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN I 0 2014

CENTRAL DISTRICT OF CALIFORNIA
BY ʃʰⁿʲ                          DEPUTY

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       WESTERN DIVISION

11

12   RICHARD LEE CANTERBURY,        )   Case No. CV 13-07216 JFW (AN)
                                     )
13              Petitioner,          )   ORDER DISMISSING PETITION
                                     )   FOR LACK OF JURISDICTION
14        v.                         )
                                     )
15   UNITED STATES OF AMERICA,       )
                                     )
16              Respondent.          )
                                     )
17   _____)

18                       **I. INTRODUCTION**

19        Before the Court is Respondent's Motion to Dismiss or Transfer Petitioner's Writ

20   of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Motion for Downward Departure for

21   Time Served Pursuant to United States Sentencing Guidelines 5G1.3(b) (hereafter

22   "MTD"). Petitioner failed to file an opposition or response to the MTD in the required

23   time or manner. For the reasons discussed below, Respondent's MTD is granted and the

24   Petition is dismissed for lack of subject matter jurisdiction.

25   ///

26   ///

27   ///

28

**II. BACKGROUND**

On September 30, 2013, Richard Lee Canterbury ("Petitioner"), a federal prisoner (inmate reg. no. 10366-026), filed the pending habeas petition pursuant to 28 U.S.C. § 2241 ("Petition"). Petitioner is currently confined at the Federal Correctional Institution in Lompoc, California, and is serving an 82-month prison sentence for being a felon in possession of a firearm (case no. CR 10-1082-001-PHX), and for separately violating the terms of supervised release in three other cases (case nos. CR 10-50162-PHX, CR 10-50163-PHX, CR 10-50164-PHX). Petitioner was sentenced in 2011 in the United States District Court for the District of Arizona ("Sentencing Court"), and is currently projected to be released from the custody of the Federal Bureau of Prisons ("BOP") on July 4, 2016.

The pending Petition raises a single claim "requesting downward departure for credit for time served." (Pet. at 2.) Specifically, Petitioner contends he was previously convicted of being in possession of an unregistered firearm in the United States District Court for the District of Colorado, was sentenced for that crime in 1992, and that the United States Court of Appeals for the Tenth Circuit reversed his conviction on appeal in 1993. *See United States v. Canterbury*, 985 F.2d 483 (10th Cir. 1993). He argues that case was eventually dismissed, but he never received credit for the time he served. He requests that this Court remedy the situation by downward-departing his current sentence under the United States Sentencing Guidelines, specifically USSG §§ 5G1.3(b) and 5k2.23.

On November 6, 2013, Respondent filed the pending MTD, arguing that this action should be dismissed or transferred to the Sentencing Court because Petitioner is challenging the sentence itself, not its execution. (MTD at 2-5.)

On November 13, 2013, the Magistrate Judge issued a Minute Order notifying Petitioner that a preliminary review of the MTD showed it appeared to have merit. Accordingly, Petitioner was granted until December 4, 2013, to file either a statement of non-opposition or an opposition. The Minute Order also notified and warned Petitioner the MTD would be granted without further notice if he failed to file a timely response,

1  and this action would either be dismissed without prejudice or transferred to the

2  Sentencing Court. (11/13/13 Order (AN) [8].) Petitioner failed to respond to the MTD in

3  the required time and manner. By failing to file an opposition or response, the Court finds

4  Petitioner is deemed to have consented to the granting of the MTD. *See* L.R. 7-12.

5  However, even if Petitioner is not deemed to have consented to the granting of the MTD,

6  the Court finds the MTD has merit for the reasons discussed below.

7  **III. DISCUSSION**

8  **A.    General Rule**

9       "Federal courts are always under an independent obligation to examine their own

10  jurisdiction, . . . and a federal court may not entertain an action over which it has no

11  jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (citations and

12  quotation marks omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at

13  any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In

14  order to determine whether it has jurisdiction over a habeas petition brought by a federal

15  prisoner, a district court must first determine whether the habeas petition is properly

16  brought pursuant to 28 U.S.C. § 2241 or § 2255. *Hernandez*, 204 F.3d at 865.

17       "A federal prisoner who seeks to challenge the legality of confinement must

18  generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th

19  Cir. 2012); *see also Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general

20  rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal

21  prisoner may test the legality of his detention, and that restrictions on the availability of

22  a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."). 

23  Similarly, "motions to contest the legality of a sentence must be filed under § 2255 in the

24  sentencing court, while petitions that challenge the manner, location, or conditions of a

25  sentence's execution must be brought pursuant to § 2241 in the custodial court."

26  *Hernandez*, 204 F.3d at 864.

27       Here, Petitioner's claim for downward departure under the Sentencing Guidelines

28  is properly characterized as a request to be resentenced, i.e., a challenge to the legality of

Page 3

his current sentence. He expressly argues for relief under USSG §§ 5G1.3(b) and 5k2.23, and makes a detailed argument as to why the Court should ostensibly apply § 5G1.3(b) to depart downward based upon his prior, discharged term. (Pet. at 4-9.) Petitioner is not seeking for the BOP to credit his sentence, and he is not alleging that the BOP has miscalculated his current sentence in any way. In fact, Petitioner specifically contends his claim for downward departure under the Sentencing Guidelines "is [a] matter for [the] court, not [the] Bureau of Prisons . . . ." (Pet. at 4-5, 9.) Consequently, his challenge must be filed under § 2255 in the Sentencing Court. *Hernandez*, 204 F.3d at 864.

Additionally, although Petitioner requests that the Court "grant credit for time served" (*see* Pet. at 9), he makes it abundantly clear he is relying on the Sentencing Guidelines, seeks a downward departure to his sentence from the Court, and is not requesting any action by the BOP. (Pet. at 5, 9.) Normally, because challenges to the fact or *duration* of confinement are properly brought in a § 2241 petition, where a Petitioner seeks credits to shorten his current sentence, he is considered to "challenge[] the manner in which his sentence was executed, an action maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241." *Tucker v. Carlson*, 925 F.2d 330, 331-32 (9th Cir. 1991). Moreover, as a general matter, district courts lack authority at sentencing to give credit for time served, as the prerogative to grant credits in the first instance rests with the Attorney General, acting through the BOP, and credits cannot be calculated until the defendant commences serving his sentence. *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006); *see also United States v. Wilson*, 503 U.S. 329, 334, 112 S. Ct. 1351 (1992); 18 U.S.C. § 3585(b). But, the term for which Petitioner seeks credit - which was served several years before he committed his current crime of commitment - falls outside the purview of that general rule. *See* § 3585(b). Moreover, the Court finds Petitioner agrees with the Court's conclusion that he does not seek sentence credits. He expressly and adamantly seeks relief from the Court and *not* the BOP, and he does so only under § 5G1.3(b) of the Sentencing Guidelines. (Pet. at 5.) "That is a question for the sentencing court," and there is "nothing in *Wilson* suggesting that the Attorney General's authority

1  under § 3585(b) limits a sentencing court's power to apply § 5G1.3 of the Guidelines."
2  *United States v. Kiefer*, 20 F.3d 874, 876 (8th Cir. 1994); *see also United States v. Drake*,
3  49 F.3d 1438, 1440 (9th Cir. 1995) ("Application of section 5G1.3(b) is a matter for the
4  court, not the [BOP], to decide."). As a result, the Court finds Petitioner may not raise his
5  claim by way of his pending § 2241 Petition. *Id.*

6  **B.      "Escape Hatch" Exception**

7          There is an exception to the general rule. "Under the 'escape hatch' of § 2255, a
8  federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is
9  'inadequate or ineffective to test the legality of his detention.'" *Marrero*, 682 F.3d at 1192
10 (*quoting Stephens*, 464 F.3d at 897); *see also* § 2255(e). More specifically, "a prisoner
11 may file a § 2241 petition under the escape hatch when the prisoner '(1) makes a claim
12 of actual innocence, and (2) has not had an unobstructed procedural shot at presenting
13 that claim.'" *Marrero*, 682 F.3d at 1192 (*quoting Stephens*, 464 F.3d at 898). Petitioner
14 has failed to make any allegation or showing that would satisfy the threshold of actual
15 innocence that is required to file a § 2241 petition under the escape hatch of § 2255.

16                                    **IV. CONCLUSION**

17         Petitioner is attacking the legality of a sentence that was not imposed by this Court
18 and, as a result, the Court lacks subject matter jurisdiction to consider it. *Hernandez*, 204
19 F.3d at 864. The reference to the Magistrate Judge is vacated and the Petition is dismissed
20 for lack of jurisdiction. Fed. R. Civ. P. 12(h)(3). All pending motions are denied as moot.

21

22 DATED:  January 10, 2014

23                                                    JOHN F. WALTER
                                                     UNITED STATES DISTRICT JUDGE
24 Presented by:

25

26

27      Arthur Nakazato
   United States Magistrate Judge

28